JOHN C. BUECHELE, PLAINTIFF-APPELLEE, v. GEORGE
L. VOGEL, DEFENDANT-APPELLANT.

Submitted March 13, 1924—Decided July 10, 1924.

**Architects—Fees—Contract for Services as Draughtsman and as Architect—License as Architect Obtained While Plans Were in Course of Preparation.**

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendant-appellant, *Orlando H. Dey.*

For the plaintiff-appellee, *Gaetano M. Belfatto.*

PER CURIAM.

The defendant below appeals from a judgment rendered by the Orange District Court. The suit was instituted to recover the reasonable value of the plaintiff's services in drawing plans for a bungalow which the defendant desired to erect at Maplewood, New Jersey. The plaintiff had been a draughtsman since 1903. He became a licensed architect on April 27th, 1922. The defendant abandoned his plan of building a bungalow due in part to certain restrictions contained in a zoning ordinance of Maplewood. No price had been agreed upon between the parties for the plaintiff's work. The suit was based upon a *quantum meruit.* The defense was that the plaintiff was not entitled to recover for his services because he was not a licensed architect. The argument advanced in behalf of the defendant-appellant is that as the act entitled "An act to regulate the practice of architecture (1 *Comp. Stat., p.* 110) makes it a misdemeanor to practice architecture without the issuance of a certificate or license to practice, no recovery of fees can be had by one who has not received a license. We find it unnecessary to pass upon this question. The case is before us on a state of the case settled by the court. The court found as facts that there

was an employment of the plaintiff by the defendant, and that the services involved were first as a draughtsman, and that the employment extended over and beyond the time the plaintiff was licensed as an architect. A judgment was rendered for $100, which was $50 less than the plaintiff demanded. The findings of fact made by the District Court, which we cannot disturb, sustain the judgment as one rendered in part for services as a draughtsman and in part for services as an architect after the plaintiff had obtained his license. It would, therefore, be a work of supererogation in view of these findings of fact to consider the ground of appeal urged by appellant, for if we found that an unlicensed architect was not entitled to recover for services rendered, it would not affect a judgment based in part upon services rendered as a draughtsman and in part for services rendered as an architect after the architect has obtained his license.

The judgment below is affirmed, with costs.